**Matter of Commissioner of the Dept. of Hous. Preserv. & Dev. of the City of N.Y.**

2023 NY Slip Op 34843(U)

October 11, 2023

Civil Court of the City of New York, Kings County

Docket Number: Index No. 561/2017

Judge: Remy Smith

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

CIVIL COURT OF THE CITY OF NEW YORK
COUNTY OF KINGS: HOUSING PART Q
-------------------------------------------------------- X
In the Matter of the Application of
THE COMMISSIONER OF THE DEPARTMENT      Index No. 561/2017
OF HOUSING PRESERVATION AND DEVELOPMENT
OF THE CITY OF NEW YORK,

            Petitioners,

For a judgment pursuant to Article 7A of the Real     **DECISION/ORDER**
Property Actions and Proceedings and Law, appointing a     *J. Remy Smith*
Court-designated administrator for the premises known as:
138 Wyckoff Avenue, Brooklyn, New York, 11222
Block 03270, Lot 0035 (Kings County).
-------------------------------------------------------- X
Papers in consideration pursuant to CPLR §2219 of this motions to discharge the 7A Administrator:

Owner's Order to Show Cause and Affirmation in support ................................... 1
7A Administrator's Affirmation in Opposition and supporting papers ....................... 2
Petitioner's Affirmation in Opposition. ............................................... 3
Owner's Reply Affirmation ........................................................ 4
Court File ...................................................................... *passim*

WYCKOFF HOLDINGS NY LLC ("Wyckoff"), current owner of the premises at 138 Wyckoff Avenue, Brooklyn, New York ("premises"), moves this court for an order pursuant to RPAPL §778 to discharge the 7A Administrator appointed by the court on July 8, 2022 (NYSCEF Doc. #47) pursuant to a Decision and Order dated June 6, 2022 (NYSCEF Doc. #45). The court grants the motion and discharges the 7A Administrator without prejudice to the 7A Administrator to seek recovery of its fees to the extent they remain outstanding after disbursement of funds in Administrator's possession to the owner Wyckoff.

RPAPL §778(11) provides that the "court may only discharge an administrator if the owner has paid in full . . . . all outstanding real property tax liens claimed by the city of New York, all outstanding emergency repair liens filed and recorded by the city of New York, all

1

[* 1]

outstanding charges and liens assessed in connection to the alternative enforcement program . . . . and all outstanding liens filed and recorded by the city pursuant to this section." Wyckoff has paid the charges levied by the City of New York in full. See NYSCEF Doc. 78 and the web site maintained by the Department of Finance of the City of New York showing that the account is paid in full as of October 10, 2023.

Also, Wyckoff has submitted a proposal from its contractor G.N. Construction, Inc., containing a scope of work to address the existing violations at 3R, 3L and the common areas, which contain the 46 violations currently on the HPD web site. G.N. Construction, Inc.'s proposal (NYSCEF Doc. #58) charges the owner $62,400.00 to complete the scope of work and does not indicate that any payments have been made, and the account information submitted to the court in support of owner's position that it has the funds to pay G.N. Construction, Inc. (NYSCEF Doc. #59) is in the name of Meserole Hub, LLC, which owner states holds it operating account. While the court could construe this as an infirmity to its motion under other circumstances, owner's compliance with RPAPL §778(11) renders it insignificant to warrant denial of the motion, especially considering owner's submission that it currently has $300,000.00 in its operating account (NYSCEF Doc. #79), which covers G.N. Construction, Inc.'s scope.

Opposition to owner's motion was not convincing. Opposition by HPD and the 7A administrator focus on case law requiring that the violations be corrected prior to such a motion. However, the case law developed because the statute did not address the standards for discharge **except for the provision upon which this court relies, to wit, that the court may discharge the administrator upon full payment of the city's charges.** The court therefore is not persuaded by case law which, incidentally, is not binding, due to the clear language of the statute.

2

The court also notes that the opponents rely on HPD's financial assistance award to the 7A Administrator on March 1, 2023 for him to retain Akhtar Construction Co., Inc. (NYSCEF DOC. #71) as well as Ahktar Construction Co., Inc.'s scope of work dated January 24, 2023 (NYSCEF Doc. #72). There is no proof that any work has commenced pursuant to the contract between the 7A Administrator and Akhtar, and the web site maintained by the Department of Buildings ("DOB") shows that work is permitted[1] but it does not appear, as per affidavits in opposition, that is has commenced.

Owner's motion is therefore granted in its entirety. 7A Administrator is discharged without further notice and owner Wyckoff may now manage the building consistent with its ownership. The 7A Administrator shall disburse funds in its possession due to its Administration as well as present its books and records in connection with the administration to the owner and all parties as set forth in the July 8, 2022 Order, both no later than October 31, 2023.

This is the Decision/Order of the court.

Dated: Brooklyn, New York                    BY: _____
      October 11, 2023                                    Remy Smith, J.H.C.

---

[1] A stop work order issued on October 30, 2017 still remains on the property.

3

[* 3]